IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

ISAAC MCDONALD,

    Petitioner,

vs.                                      No. 13-1207-JDB-egb

MICHAEL DONAHUE,

    Respondent.

___

ORDER GRANTING RESPONDENT'S MOTION TO DISMISS,
(ECF No. 14)
ORDER OF DISMISSAL,
DENYING CERTIFICATE OF APPEALABILITY,
CERTIFYING APPEAL NOT TAKEN IN GOOD FAITH,
AND
DENYING LEAVE TO PROCEED *IN FORMA PAUPERIS* ON APPEAL
___

On July 2, 2013, Petitioner, Isaac McDonald, Tennessee Department of Correction ("TDOC") prisoner number 483248, an inmate at the Hardeman County Correctional Facility ("HCCF") in Whiteville, Tennessee, filed a *pro se* petition pursuant to 28 U.S.C. § 2254. (Petition ("Pet."), ECF No. 1.) On August 6, 2013, Petitioner paid the filing fee. (ECF No. 4.) On November 1, 2013, the Court ordered McDonald to file an amended petition on the official form, (Order, ECF No. 6), which he did on December 2, 2013. (Amended ("Am.") Pet., ECF No. 8.) On May 7, 2014, Respondent filed a motion to dismiss the petition as unexhausted, along with a memorandum in support and the state court record. (Motion ("Mot.") to Dismiss, ECF No. 14, Memorandum ("Mem.") in Support ("Supp."), ECF No. 14-1, Record ("R."), ECF No. 15.)

I.  STATE COURT PROCEDURAL HISTORY

On August 2, 2010, McDonald was indicted by a Madison County, Tennessee grand jury on one count of aggravated rape. (Indictment, R., ECF No. 15-1 at PageID 174–75.) He was convicted as charged and sentenced to twelve years in prison. (R., Judgment ("J."), ECF No. 15-1 at PageID 191.) Petitioner appealed, contending that there was insufficient evidence to support the conviction. *State v. McDonald*, No. 2011-01233-CCA-R3-CD (Tenn. Crim. App. June 28, 2012) (Opinion, R., ECF No. 15-8.) The Tennessee Court of Criminal Appeals affirmed McDonald's conviction. (*Id.*) His application for permission to appeal to the Tennessee Supreme Court was dismissed as untimely filed. (Order, R., ECF No. 15-9.)

On July 2, 2013, Petitioner filed a filed a *pro se* petition pursuant to the Tennessee Post-Conviction Procedure Act, Tenn. Code Ann. §§ 40-30-101 to -122, in the Circuit Court for Madison County. (Pet., R., ECF No. 15-12 at PageID 747–63.) McDonald submitted a second unsigned petition on July 17, 2013. (Second Pet., R., ECF No. 15-11 at PageID 660–82.) On July 12, 2013, the State responded to the first petition. (Response, R. ECF No. 15-12 at PageID 789–90.) On July 24, 2013, the post-conviction court appointed counsel, (Order, R., ECF No. 15-12 at PageID 798), but on November 26, 2013, new counsel was substituted because the first attorney had taken a job with the district attorney's office. (Order, R. ECF No. 15-12 at PageID 799, Letter, R. ECF No. 15-12 at PageID 800.) Petitioner's post-conviction petitions remain pending.

II. PETITIONER'S FEDERAL HABEAS CLAIMS

In this § 2254 petition, McDonald contends that he received ineffective assistance during his trial court proceedings, that the trial court lacked jurisdiction, that his confession was based on suppressed DNA evidence, that his sentence was illegal, and that the prosecutor failed to

disclose favorable DNA evidence. (Am. Pet., ECF No. 8-1 at PageID 65–66.) Respondent contends that the petition presents only unexhausted claims. (Mot. to Dismiss, ECF No. 14 at PageID 157.)

III. LEGAL STANDARDS

The statutory authority for federal courts to issue habeas corpus relief for persons in state custody is provided by 28 U.S.C. § 2254, as amended by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). A federal court may grant habeas relief to a state prisoner "only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a).

A. Exhaustion

Petitioner's claims have never been addressed by the Tennessee Court of Criminal Appeals. (Am. Pet., ECF No. 8-1 at PageID 65–66.) Twenty-eight U.S.C. § 2254(b) and (c) provide that a federal court may not grant a writ of habeas corpus on behalf of a state prisoner unless, with certain exceptions, the prisoner has exhausted available state remedies by presenting the same claim sought to be redressed in a federal habeas court to the state courts. *Cullen v. Pinholster*, ___ U.S. ___, ___, 131 S. Ct. 1388, 1398 (2011). The petitioner must "fairly present"[1] each claim to all levels of state court review, up to and including the state's highest court on discretionary review, *Baldwin v. Reese*, 541 U.S. 27, 29 (2004), except where the state has explicitly disavowed state supreme court review as an available state remedy, *O'Sullivan v. Boerckel*, 526 U.S. 838, 847–48 (1999). Tennessee Supreme Court Rule 39 eliminated the need

---

[1] For a claim to be exhausted, "[i]t is not enough that all the facts necessary to support the federal claim were before the state courts, or that a somewhat similar state-law claim was made." *Anderson v. Harless*, 459 U.S. 4, 6 (1982) (per curiam) (internal citation omitted). Nor is it enough to make a general appeal to a broad constitutional guarantee. *Gray v. Netherland*, 518 U.S. 152, 163 (1996).

to seek review in the Tennessee Supreme Court to "be deemed to have exhausted all available state remedies." *Adams v. Holland*, 330 F.3d 398, 402 (6th Cir. 2003); *see Smith v. Morgan*, 371 F. App'x 575, 579 (6th Cir. 2010) ("*Adams* not only requires the federal courts to ensure that the state courts have the first opportunity to review and evaluate legal claims . . . but also mandates that the federal courts respect the duly-promulgated rule of the Tennessee Supreme Court that recognizes the law and policy-making function of that court and the court's desire not to be entangled in the business of simple error correction.").

Because Petitioner's post-conviction petition remains pending, it is apparent that he has not yet exhausted his state court remedies. A petitioner has not exhausted his state remedies if "he has the right under the law of the State to raise, by any available procedure, the question presented" to the district court. 28 U.S.C. § 2254(c). This petition presents no exhausted claims for review.

The Court has discretion to stay a prematurely filed § 2254 petition while the inmate exhausts his claims in state court. *See Rhines v. Weber*, 544 U.S. 269 (2005). McDonald has not established that the Court should exercise its discretion to do so in this case. This habeas petition raises only unexhausted claims. (Am. Pet., ECF No. 8-1 at PageID 65–66.) If Petitioner is unsuccessful before the post-conviction court, he must await the Tennessee Court of Criminal Appeals' resolution of his claims on appeal before proceeding in this forum.

The Court GRANTS Respondent's motion to dismiss the petition as unexhausted and DISMISSES the Petition without prejudice. *Rose v. Lundy*, 455 U.S. 509, 510 (1982). Judgment shall be entered for Respondent.

IV. <u>APPELLATE ISSUES</u>

There is no absolute entitlement to appeal a district court's denial of a § 2254 petition. *Miller-El v. Cockrell*, 537 U.S. 322, 335 (2003); *Bradley v. Birkett*, 156 F. App'x 771, 772 (6th Cir. 2005). The Court must issue or deny a certificate of appealability ("COA") when it enters a final order adverse to a § 2254 petitioner. Rule 11, Rules Governing Section 2254 Cases in the United States District Courts. A petitioner may not take an appeal unless a circuit or district judge issues a COA. 28 U.S.C. § 2253(c)(1); Fed. R. App. P. 22(b)(1).

A COA may issue only if the petitioner has made a substantial showing of the denial of a constitutional right, and the COA must indicate the specific issue or issues that satisfy the required showing. 28 U.S.C. §§ 2253(c)(2)–(3). A "substantial showing" is made when the petitioner demonstrates that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Miller-El*, 537 U.S. at 336 (citing *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)); *Henley v. Bell*, 308 F. App'x 989, 990 (6th Cir. 2009) (per curiam) (same). A COA does not require a showing that the appeal will succeed. *Miller*, 537 U.S. at 337; *Caldwell v. Lewis*, 414 F. App'x 809, 814–15 (6th Cir. 2011) (same). Courts should not, however, issue a COA as a matter of course. *Bradley*, 156 F. App'x at 773 (quoting *Miller-El*, 537 U.S. at 337).

In this case, reasonable jurists cannot conclude that the Court abused its discretion in declining to stay the matter and hold the Petition in abeyance or in granting Respondent's motion to dismiss. Because any appeal by Petitioner on the issues raised in this petition does not deserve attention, the Court DENIES a certificate of appealability.

In this case for the same reasons the Court denies a certificate of appealability, the Court determines that any appeal would not be taken in good faith. It is therefore CERTIFIED,

pursuant to Fed. R. App. P. 24(a), that any appeal in this matter would not be taken in good faith, and leave to appeal *in forma pauperis* is DENIED.[2]

IT IS SO ORDERED this 13th day of March 2015.

s/ J. DANIEL BREEN
CHIEF UNITED STATES DISTRICT JUDGE

---

[2] If Petitioner files a notice of appeal, he must pay the full $505 appellate filing fee or file a motion to proceed *in forma pauperis* and supporting affidavit in the Sixth Circuit Court of Appeals within thirty (30) days of the date of entry of this order. *See* Fed. R. App. P. 24(a)(5).